IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-23095-CIV-WILLIAMS/SIMONTON

SHERILYN J. LEROUX,

        Plaintiff,

vs.

NCL (BAHAMAS) LTD. d/b/a
NORWEGIAN CRUISE LINE,

        Defendant.

_____/

## DEFENDANT'S MOTION FOR FEES, COSTS, AND SANCTIONS AGAINST PLAINTIFF

Defendant NCL (Bahamas) Ltd., d/b/a Norwegian Cruise Line ("NCL" or "Defendant"), hereby files its Motion for Fees, Costs, and Sanctions against Plaintiff for her failure to appear at the Court-mandated Settlement Conference on June 29, 2017, and states:

1.    This is a maritime case wherein plaintiff, a passenger, contends that she tripped on defendant's vessel, the *Norwegian Epic,* on March 31, 2015, as a result of defendant's alleged negligence.

2.    After Calendar Call on June 21, 2017, this Court ordered both parties to appear for a settlement conference with Magistrate Judge Simonton on June 29, 2017.  [ECF No. 21]. The Order stated that: (i) the Settlement Conference *shall* be attended by all parties, corporate representatives, and their counsel of record; and (ii) the conference will not be continued absent a written motion and a showing of compelling circumstances.  [*Id*. (emphasis added)].  NCL's counsel agreed to Plaintiff's telephonic appearance.

**MASE TINELLI MEBANE & BRIGGS, P.A.**

3. With no prior warning, Plaintiff failed to appear for the Settlement Conference ("Conference") in person or telephonically. [ECF No. 91]. Prior to the Conference, NCL did not receive any phone calls or emails advising of the foreseen non-appearance. NCL and the Court were first notified of Plaintiff's non-appearance at the Conference. [*Id.*].

4. NCL and the undersigned attended the settlement conference in accordance with this Court's instructions. [*Id.*]. Jeffrey Anderson, Esq., Vice President and Assistant General Counsel for NCL, appeared on behalf of NCL as its representative. Mr. Anderson is a high-level decision maker at NCL and re-arranged his busy schedule to appear for the Conference.

5. There is nothing to suggest that Plaintiff did not have access to a phone at the time of the Conference. Furthermore, Plaintiff's counsel indicated Plaintiff has an at-home nurse, which suggests that the nurse could have assisted Plaintiff with utilizing a phone on the day of the Conference. The truth of this suggestion is corroborated by the fact that Plaintiff's counsel was able to speak with both Plaintiff and her at-home nurse via telephone only days after the Conference. [Correspondence from Plaintiff's Counsel, attached as Exhibit 1].[1]

6. In support of her non-appearance, Plaintiff produced two letters from her doctor, Joseph Lee, dated June 23, 2017, and June 27, 2017, neither of which were provided to NCL or this Court prior to the date of the Conference and both of which were in Plaintiff's possession well before the Conference date [ECF No. 91]. The veracity of these letters is in question, but there is no doubt that neither letter constitutes compelling circumstances excusing Plaintiff from her telephonic non-appearance for the Conference.

7. During a post-Conference electronic conversation between counsel, Plaintiff advised that she did not want to participate in a settlement conference with NCL. [Exhibit 1].

---

[1] The correspondence has been partially redacted on account of confidential settlement negotiations.

**MASE TINELLI MEBANE & BRIGGS, P.A.**

This further illustrates Plaintiff's lack of interest in appearing in good faith for any settlement conference. Notably, the Conference for which Plaintiff failed to appear was prompted by Plaintiff's baseless allegations that NCL appeared for a prior mediation in bad faith.

8. Magistrate Judge Simonton's post-Conference Order states that a motion for sanctions of this type would be considered when presented to the Court. [ECF 91].

9. As per this Court's Order Scheduling Settlement Conference [ECF No. 89], the Federal Rule of Civil Procedure 16, and Local Rule 16(e), sanctions may be imposed on a party for their failure to appear for a settlement Conference.

10. The Court's Order Scheduling Settlement Conference states:

> The Settlement Conference <u>shall</u> be attended by all parties, corporate representatives, and their counsel of record. Each side shall have a party representative present with <u>full authority</u> to negotiate <u>and finalize</u> any settlement agreement reached. Failure of a party representative <u>with full and final authority</u> to make and accept offers of settlement to attend this conference, may result in the undersigned's *sua sponte* recommendation that sanctions be entered against the offending party.

[ECF No. 89].

11. Federal Rule of Civil Procedure states, in pertinent part:

> **(f) Sanctions.**
>
> *(1) In General.* On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> (A) fails to appear at a scheduling or other pretrial conference;
>
> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
>
> (C) fails to obey a scheduling or other pretrial order.
>
> *(2) Imposing Fees and Costs.* Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to

**MASE TINELLI MEBANE & BRIGGS, P.A.**

    pay the reasonable expenses—including attorney's fees— incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f).

12. Local Rule 16(e) states, in relevant part:

    **(e) Party Attendance Required.** Unless excused in writing by the presiding Judge, all parties […] shall be physically present at the mediation conference (*i.e.,* in person if the party is a natural person or by personal attendance of a corporate representative if the party is an entity) with full authority to negotiate a settlement […] Failure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court.

Local Rule 16.2(e), S.D. Fla.

13. Plaintiff intentionally failed to appear at the Conference despite the fact that this Court allowed her to appear telephonically out of convenience for her claimed medical conditions and inability to fly. Plaintiff had access to a phone as well as means of appearing telephonically by use of her at-home nurse like she did during her post-Conference phone conversation with her attorney. [Exhibit 1]. Plaintiff has presented no evidence or written motion showing compelling circumstances excusing her attendance at the Conference, which she requested at Calendar Call. Specifically, Plaintiff has provided this Court with no good faith basis as to: (i) why she failed to appear telephonically; and (ii) why she failed to timely notify this Court that she would not be appearing. Instead, this Court has been presented with written evidence showing Plaintiff's intent not to appear for any settlement conference in good faith. [*Id.*].

14. Sanctions should be imposed against Plaintiff for her willful non-compliance with the authority of this Court and the authority of the Federal and Local rules. In addition, attorney's fees and costs should be awarded to NCL for its fruitless and preventable appearance at the

**MASE TINELLI MEBANE & BRIGGS, P.A.**

Conference.  Should fees and costs be awarded, the undersigned will provide affidavits detailing same.  A proposed order is attached hereto as Exhibit 2.

WHEREFORE, NCL requests that the Court grant its Motion, impose sanctions against Plaintiff, award fees and costs to NCL, and grant such other relief as the Court deems reasonable and proper.

## LOCAL RULE 7.1 CERTIFICATE

The undersigned defense counsel certifies that he has conferred with counsel for Plaintiff prior to filing this Motion.  The parties were unable to resolve the issues set forth in the Motion.

Respectfully submitted,

*/s/ Gabriel J. Fernandez*
THOMAS A. BRIGGS
Florida Bar No. 663034
tbriggs@masetinelli.com
GABRIEL J. FERNANDEZ
Florida Bar No. 92374
gfernandez@masetinelli.com
MASE TINELLI, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida  33133
Telephone:  (305) 377-3770
Facsimile:   (305) 377-0080

**MASE TINELLI MEBANE & BRIGGS, P.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2017, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          */s/  Gabriel J. Fernandez*
          GABRIEL J. FERNANDEZ

## SERVICE LIST

**Robert A. Chaffin, Esq.**
The Chaffin Law Firm
4265 San Filipe , Suite 1020
Houston, TX 77027
Tel. 713-528-1000
Fax: 952-5972
Email: robert@chaffinlawfirm.com
*PRO HAC VICE*
*Attorney for Plaintiff*

**Angela Valentina Arango-Chaffin, Esq.**
The Chaffin Law Firm
540 West Ave Ste 1113
Miami Beach FL 33139
Tel. 713-818-2515
Fax: 713-952-5972
Email: Angela@ChaffinLawFirm.com
*Attorney for Plaintiff*

18659 / 457 v.2

**MASE TINELLI MEBANE & BRIGGS, P.A.**