

# EXHIBIT 1

## DEFENDANT'S MEMORANDUM IN SUPPORT OF BILL OF COSTS

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-23095-CIV-WILLIAMS/SIMONTON

SHERILYN J. LEROUX,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD. d/b/a
NORWEGIAN CRUISE LINE,

    Defendant.
_____/

## DEFENDANT'S MEMORANDUM IN SUPPORT OF BILL OF COSTS

Defendant NCL (Bahamas) Ltd. ("Norwegian") moves to tax costs against Plaintiff following entry of Final Judgment in its favor, and states:

Norwegian prevailed in this action as this Court granted it summary judgment and subsequently entered final judgment in its favor. Pursuant to Rule 54, "unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The costs outlined in 28 U.S.C. §1920 and 28 U.S.C. §1821 are recoverable by a prevailing party through a bill of costs. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600 (11th Cir. 2000). Norwegian's bill of costs is attached hereto and provides an itemized breakdown of its taxable costs below.

**Deposition Costs**

Taxation of deposition costs is authorized by §1920. A deposition transcript is a taxable cost where the deposition was wholly or partially "necessarily obtained for use in the case." *Id.* (quoting *Newman v. A.E. Staley, Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. 1981). Additionally, "numerous courts have ruled that court reporter appearance fees are properly taxable as costs." *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013); *see*

MASE TINELLI
TRIAL LAWYERS

CASE NO.: 15-23095-CIV-WILLIAMS/SIMONTON

*alsoPrice v. United Tech. Corp.*, No. 99-8152-Civ, 2001 WL 36085163, at *2 (S.D. Fla. July 27, 2001) (Ferguson J., adopting recommendation of Snow, M.J.). Norwegian seeks to tax the deposition transcript costs and the court reporter appearance fees for the depositions of Plaintiff, Plaintiff's podiatric physician (Dr. Kelly Woods), Plaintiff's personal care administrator (Ester Sadi), Plaintiff's orthopedic surgeon (Dr. Maryann Shannon), and Plaintiff's primary care physician (Dr. Joseph Lee).

These depositions transcripts were necessarily acquired by Norwegian in order for it to obtain summary final judgment; the depositions were used in this case. Here, Plaintiff alleged personal injuries, and these depositions revealed critical information regarding Plaintiff's alleged injuries; including how, when, and where Plaintiff was injured. Additionally, the depositions of Plaintiff's doctors and personal care administrator were necessarily obtained for use in this case because the depositions allowed Norwegian to learn what Plaintiff's medical condition was, what medical treatment she had received, and what medical treatment she would require in the future, along with a sense of what her physical limitations were and how they would impact her life. Norwegian incurred $1,362.70 in taxable costs for Plaintiff's deposition, $359.10 for Dr. Kelly Woods' deposition, $340.95 for Ester Sadi's deposition, $485.90 for Dr. Maryann Shannon's deposition, and $487.80 for Dr. Joseph Lee's deposition. In total, Norwegian incurred $3,036.45 of taxable costs in relation to obtaining deposition transcripts.

**Service of Process Costs**

A prevailing party is also entitled to recover "fees of the clerk and marshal." 28 U.S.C. §1920(1). Fees charged by private process servers fall within the statute's scope. *See E.E.O.C.*, 213 F.3d at 624. Norwegian incurred taxable costs in serving subpoenas on Plaintiff's various medical providers to allow Norwegian to prepare its defense of this case. Norwegian paid the

CASE NO.: 15-23095-CIV-WILLIAMS/SIMONTON

following amounts for serving process on the following: $95.00 + $95.00 (two locations) for Records Custodian American Medical Services; $95.00 for Records Custodian Centers for Medicare & Medicaid Services; $95.00 for Records Custodian Silverscript c/o CVS Caremark; $95.00 for Records Custodian Nevada Imaging Center; $95.00 for Records Custodian Pueblo Medical Imaging; $95.00 for Records Custodian High Class Personal Care; $95.00 for Records Custodian Family Personal Care, LLC; $95.00 for Records Custodian North Vista Hospital; $95.00 for Records Custodian Quest Diagnostics; $95.00 for Records Custodian True Care Pharmacy; $95.00 for Records Custodian Summerlin Hospital Medical Center; $95.00 + $95.00 (two locations) for John Laughlin and Laughlin Engineering Firm, LLC; $95.00 (service fee) + $40.00 (witness fee) for eye witness Garth Johnson; $95.00 for Records Custodian Las Vegas Neurosurgery; $95.00 for Records Custodian Dignity Health Medical Group Nevada; $95.00 for Records Custodian Dura Medic; $95.00 for Records Custodian Nevada Orthopedic & Spine Center; $95.00 for Records Custodian Sole to Sole Podiatry; $95.00 for Records Custodian Desert Neck & Back Care; $95.00 for Records Custodian Scripps Clinic; $95.00 for Records Custodian Anderson Audiology; and $95.00 for Records Custodian Walmart Super Center.

While Norwegian paid the amounts stated above for the various process services, it seeks to tax $65.00 against Plaintiff per service attempt, the rate charged when U.S. Marshals personally serve process. *Id.* (citing 28 C.F.R. §0.114(a)(3)). Considering the U.S. Marshal rate, the total tax for service of process costs Norwegian seeks against Plaintiff is $1,600.00.

**Copy Costs of Medical Records**

Taxation of costs related to copies of documents that were necessarily obtained for use in the case is authorized by §1920(4). When evaluating copying costs, "the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the

3
MASE TINELLI
TRIAL LAWYERS

CASE NO.: 15-23095-CIV-WILLIAMS/SIMONTON

papers at issue." *See E.E.O.C.*, 213 F.3d at 623. Here, where Plaintiff alleged personal injuries, the medical records at issue were documents produced by Plaintiff in response to Norwegian's Request for Production. "'Copies attributable to discovery' are a category of copies recoverable under §1920(4)." *Id.* (citing *Desidto College, Inc. v. Town of Howey-in-the-Hills*, 718 F.Supp. 906, 913 (M.D.Fla. 1989). Norwegian seeks to tax the costs of copying Plaintiff's medical records from Plaintiff's various medical providers. Norwegian paid the following sums to the following medical providers in order to obtain copies of Plaintiff's medical records: $50.00 to CVS Caremark; $211.50 to Med-R Medical Record Retrieval Service for records from Pueblo Medical; $31.80 to Med-R Medical Record Retrieval Service for records from Pueblo Medical Imaging; $2.32 to HealthPort for records from Wal Mart Stores, Inc.; $14.40 to Nevada Orthopedic & Spine Center; $17.20 to Terry Wong for chiropractic treatment records; $61.80 to SimonMed Imaging; $583.45 to Integrity Document Solutions, Inc. for records from Dignity Health Medical Group Nevada; $35.00 to Dura Medic LLC; $26.80 to Scripps Health; $53.79 to Las Vegas Neurosurgery Orthopaedics & Rehabilitation; $10.00 to Sole to Soul Podiatry LLC; $15.00 to Scripps Clinic; and $28.95 to Anderson Audiology. In total, Norwegian's cost to obtain Plaintiff's medical documents, all of which were necessarily obtained for use in this case, amounts to $1,142.01.

WHEREFORE, Norwegian respectfully requests that this Court tax costs against Plaintiff as outlined here and in the Bill of Costs, and award Norwegian any further relief this Court deems just and necessary.

CASE NO.: 15-23095-CIV-WILLIAMS/SIMONTON

## S.D. FLA. L.R. 7.1 CERTIFICATION

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Respectfully submitted,

MASE TINELLI, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

By: */s/ Thomas Briggs*
THOMAS A. BRIGGS
Florida Bar No.: 663034
tbriggs@masetinelli.com
ctoth@masetinelli.com
CAMERON W. EUBANKS
Florida Bar No. 85865
ceubanks@masetinelli.com
rcoakley@masetinelli.com
filing@masetinelli.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2017, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Thomas Briggs*
THOMAS A. BRIGGS

5



CASE NO.: 15-23095-CIV-WILLIAMS/SIMONTON

## SERVICE LIST

**SHERILYN J. LEROUX v. NCL (BAHAMAS) LTD.**
**CASE NO.: 15-23095-CIV-WILLIAMS/SIMONTON**

**Robert A. Chaffin, Esq.**
The Chaffin Law Firm
4265 San Filipe
Suite 1020
Houston, TX 77027
Tel. 713-528-1000
Fax: 952-5972
Email: robert@chaffinlawfirm.com
*PRO HAC VICE*
*Attorney for Plaintiff*


**Angela Valentina Arango-Chaffin, Esq.**
The Chaffin Law Firm
540 West Avenue, Suite 1113
Miami Beach, FL 33139
Tel. 713-818-2515
Fax: 713-952-5972
Email: Angela@ChaffinLawFirm.com
*Attorney for Plaintiff*


*18959//#470*

MASE TINELLI
TRIAL LAWYERS